### Terry et al. v. Bellamy et al.

Nov. 17, 1942.

Charles Ferguson for appellants.

R. M. Shelbourne and A. C. Moore for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Reversing.

On January 5, 1939, Mrs. Geneva Daniel Pratt conveyed to Mrs. Lottie Terry a certain lot in the city of Marion, Crittenden county, in consideration of the payment of $700 in cash and the assumption of the payment of a $1000 mortgage indebtedness against the property. On the same day, but by separate instrument, Mrs. Terry agreed to reconvey the lot to Mrs. Pratt, upon the payment by her to Mrs. Terry of the sum of $700 and the assumption by Mrs. Pratt of the mortgage debt. On June 3, 1939, Mrs. Pratt assigned the benefits of the option to appellee Mrs. Mary Bellamy. On July 17, 1939, Mrs. Pratt and Mrs. Bellamy jointly served notice on Mrs. Terry that they had decided to exercise the option to repurchase the land, tendered the cash consideration, and requested of her an executed deed to the lot. Mrs. Terry refused to comply with the demand. On August 11, 1939, Mrs. Pratt and Mrs. Bellamy, joined by their respective husbands, brought this action seeking specific performance of the option. Before trial, Mrs. Pratt and her husband withdrew from the suit and the action was

dismissed as to them. A demurrer was sustained to the petition, whereupon an amendment was filed asserting that the deed from Mrs. Pratt and Mrs. Terry and the option were simultaneously executed, and, in reality, constituted a mere mortgage to secure a loan of $700. Appellants denied the instruments were executed simultaneously or that they constituted a mortgage, and alleged that the option was executed on the same day, but after the trade for the sale of the lot had been fully consummated; it further alleged that the option was without consideration and unenforceable.

The chancellor held the writing was an option; that it was assignable; and gave judgment enforcing its provisions in favor of Mrs. Bellamy, despite the fact that Mrs. Bellamy had abandoned the suit, in so far as it sought specific performance of the contract.

The question before us is whether the transactions evidenced by the deed and option, conferring upon Mrs. Pratt the right to repurchase, created the relationship of mortgagor and mortgagee; or, was, in effect, a conditional sale to become absolute upon the failure of Mrs. Pratt to repurchase the property within the period of time agreed upon; or whether the deed was absolute and the option unenforceable because of the lack of consideration.

We deem it unnecessary to enter into an exhaustive review of the many cases holding a similar transaction to be or not to be a mortgage, because such a review has been made in Miracle v. Stone, 190 Ky. 610, 227 S. W. 1011; and Talley v. Eastland, 259 Ky. 241, 82 S. W. (2d) 368, as was pointed out in Spears v. Atkins, 284 Ky. 769, 145 S. W. (2d) 1064. Of course the ultimate fact to be determined depends upon the intention of the parties at the time of the execution of the instruments. Such intention may be determined from the evidence of surrounding facts and circumstances at the time of the transaction. One of the most important circumstances to be taken into consideration is whether the grantor retains, or the grantee obtains and remains, in possession of the property. Other matters to be considered are fully set out in the cases above and will not be repeated here, because we think the deed itself shows clearly that the relationship of mortgagor and mortagee did not exist. The grantee of the deed assumed the payment of a previous mortgage debt against the property, thus making it a

personal obligation of her own. Such agreement in a deed is wholly inconsistent, we think, with a construction that the deed is a mere mortgage. It is not unusual for a mortgagee to accept delivery of a mortgage, the provisions of which recognize the superiority of a mortgage already in existence; but it would be unusual indeed for the second mortgagee to assume the payment of the first mortgage as a personal obligation.

In addition to that feature of the deed, Mrs. Pratt assigned the benefits of a contract of lease on the lot, the net return from which amounted to $15 per month. By reason of this assignment Mrs. Terry entered into possession of the property through her tenant. Mrs. Terry testified the transaction was an absolute sale and Mrs. Pratt was not called upon to refute this testimony. There was not a fact or circumstance proven in the case which would indicate that the relationship of mortgagor and mortgagee existed between the parties. It is apparent the chancellor did not err in his decision in such respect.

There remains for our consideration the question of whether the execution of the option was in part consideration of the execution of the deed. Appellee alleged the instruments were executed simultaneously and in consideration of each other, but, she offered no proof in support of these allegations. Mrs. Terry alleged and testified the option was executed after the execution of the deed, that it was not executed in consideration of the execution of the deed, and that the trade on the lot had been fully consummated before the subject matter contained in the option was discussed. She further testified that, because of her affection for Mrs. Pratt, she executed the option extending the privilege of repurchasing the property to Mrs. Pratt alone. No evidence was offered in contradiction of that assertion. We cannot distort the facts, and, since that testimony was uncontradicted, we are of the opinion the evidence does not support the chancellor's finding that the option was executed in consideration of the execution of the deed.

The judgment is accordingly reversed for proceedings consistent with this opinion.